No. 25-2798

# In the United States Court of Appeals for the Seventh Circuit

STATE OF ILLINOIS and CITY OF CHICAGO,

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

*Defendants-Appellants*.

*On Appeal from the United States District Court
for the Northern District of Illinois*

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO APPELLANTS' MOTION FOR A STAY PENDING APPEAL**

Movant Constitutional Accountability Center hereby requests leave to file an *amicus curiae* brief in support of Plaintiffs-Appellees' Response to Defendants-Appellants' Emergency Motion for a Stay Pending Appeal. All parties have consented to the filing of this brief, which is attached as an exhibit to this motion. In support of its motion, *amicus* states as follows:

1. Constitutional Accountability Center (CAC) is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government,

and with legal scholars to improve understanding of the Constitution and to preserve the rights, freedoms, and structural safeguards it guarantees.

2.    CAC has a strong interest in maintaining the constitutional and statutory checks and balances that preserve the separation of powers and protect individual liberty.  CAC routinely files *amicus* briefs in the federal courts addressing questions of constitutional and statutory interpretation, and these briefs have been cited and relied upon by the Supreme Court and the courts of appeals.  CAC previously filed a more extensive version of its proposed *amicus* brief at the merits stage of the appeal in *Newsom v. Trump*, No. 25-3727 (9th Cir. Sept. 9, 2025) (Dkt. Entry 74).

3.    The proposed *amicus* brief presents "ideas, arguments, … insights, [and] facts … that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J., in chambers).  Defendants argue that decisions to federalize the National Guard under 10 U.S.C. § 12406 are judicially unreviewable, or are reviewable only under an extreme level of deference that requires only a "colorable basis" for federalization.  *Newsom v. Trump*, 141 F.4th 1032, 1052 (2025).  Both claims are based primarily on *Martin v. Mott*, 25 U.S. 19 (1827).  The proposed *amicus* brief examines *Mott*'s historical and procedural context, along with its holding and reasoning, to explain why Defendants are mistaken.  Contrary to their arguments and the opinion of the stay

panel in *Newsom*, *Mott* did not establish any broad principles about the judiciary's capacity to review presidential determinations under statutes like § 12406. It held only that a militia member who disobeyed a presidential order could not relitigate the outcome of his court-martial by bringing a common law suit against the officer who carried out his punishment—and requiring that officer to establish the soundness of the President's order. As the proposed brief shows, *Mott* focused entirely on preserving the military chain of command and shielding officers who carried out presidential orders from liability for doing so.

4.  Because the proposed *amicus* brief offers historical and procedural insights into the key Supreme Court case on which Defendants rely, it "has a unique perspective [and] specific information that can assist the court beyond what the parties can provide." *Voices for Choices*, 339 F.3d at 545.

5.  All parties have consented to the filing of this brief.

WHEREFORE, movant respectfully requests leave to file the accompanying *amicus curiae* brief.

Respectfully submitted,

*/s/ Elizabeth B. Wydra*
Elizabeth B. Wydra
Brianne J. Gorod
Brian R. Frazelle
CONSTITUTIONAL ACCOUNTABILITY CENTER
1730 Rhode Island Ave. NW, Suite 1200
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org

*Counsel for Amicus Curiae*

Dated: October 12, 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the typeface and volume limitations of Fed. R. App. P. 27(d)(2) because it contains 501 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(d)(2) and 32(f), and because the motion has been prepared in a proportionally spaced typeface using 14-point Microsoft Word Times New Roman font.

Executed this 12th day of October, 2025.

*/s/ Elizabeth B. Wydra*
Elizabeth B. Wydra

*Counsel for Amicus Curiae*
